21 3997 Michelle L Snyder versus Finley and Company LPA oral argument not to exceed 15 minutes per side Mr. Dan for the plaintiff appellant. Thank You My name is Mark Dan. I represent the plaintiff Michelle Snyder. I ask that we can reserve three minutes for rebuttal. Your Honor, this case should be reversed because in compliance with this court's Van Hoven decision, Finley's legal argument that he made against Mrs. Snyder is objectively baseless. It relies on decisions that were made during a time of totally different in this country where the discredited doctrine of coverture still applied. Appellees are disingenuous to argue that the two Ohio cases and the only two Ohio cases that exist that Finley cited that applied the necessity statute to the payment of attorney's fees for somebody's spouses. They also, as I mentioned earlier, occurred in a different state and time in the mid-1960s. In the Blum versus Blum case, it had to do with the husband being required to pay the wife's attorney's fees when she sought child support from the husband. In the Wolfer versus Friedman, that was a case where domestic violence led to divorce and in fact the husband promised to pay the wife's lawyer and failed to do so. The necessity statute was invoked. Very different than this case where Mrs. Snyder was not involved in the crime that her husband allegedly committed or was ultimately convicted of. Mrs. Snyder did not agree to pay for Mr. Snyder's legal fees and in fact, he went to jail causing she and her family great distress as a result of the... Well, I mean those are all very good arguments for why the lawsuit against her should have been dismissed, but we have a different standard, don't we? Yes, Your Honor. The standard is objectively baseless based on the Van Hoven case. The two cases, the two 1960s cases, have been supplanted under Ohio law by the most recent clear and concise Ohio Supreme Court decision in... I don't have the site right in front care in all of the recent determinations by the Ohio Supreme Court on the necessity standard. In fact, Judge Nugent even put in his opinion a footnote that the Ohio Supreme Court is unlikely to broaden the scope of the definition. So for him to make that finding in the footnote and then to find in the decision that somehow the legal argument wasn't objectively baseless seems to me to be at least inconsistent. But why are they inconsistent? I mean, one acknowledges, the footnote acknowledges that a prediction is that the court wouldn't extend it. That's a prediction. The other question is whether it was entirely baseless which I think requires that the law be clear that it's not permitted. And Your Honor, I understand, I agree with your statement of the law. I just disagree with the application of these facts. But assuming for argument's sake that this court finds that the ability to collect under the necessities law against a spouse for criminal legal fees of a husband or wife is not objectively baseless. It is not an obligation that existed at the time that Mr. Finley filed the lawsuit against Mrs. Snyder. The obligation is springing. It is only, it only exists upon the finding that the spouse has liability to pay the obligation. In fact, in the 8th District Court of Appeals, the State Court of Appeals decision, as you may recall from the facts, the case was Mrs. Snyder was dismissed from the Common Police Court case. Mr. Finley appealed that case on behalf of the Zuckerman firm to the 8th District Court of Appeals who found that the case, that they would not hear that as an interlocutory appeal. But they made a very specific finding in that short decision, the finding that it's not ripe for appeal, saying that Mrs. Snyder's obligation to pay wouldn't arise unless and until the trial court found that Mr. Snyder had an obligation to pay, which as we sit here today still has not happened. So at the time that Mr. Finley filed the complaint, the statement that Mrs. Snyder owed money to the Zuckerman law firm under the necessity statute was a false and deceptive statement. And, I mean, this suit is brought under the Federal Fair Debt Collection Practices Act. And the act is intended to punish unfair debt collection practices. I mean, your claim here is that this is a objectively baseless debt collection action against your client. And it gives you remedies against this attempted debt collection, right? And if we don't enforce this law, it doesn't have any teeth to it. And, I mean, that's what it's all about, right? That's correct, Your Honor. In fact, to reverse, if failing to reverse this case could really, in my view, have very extreme consequences for spouses of people in Ohio who are sentenced to prison, most of whom are in a much more desperate financial situation than Mrs. Snyder. Mrs. Snyder's husband had already paid the Zuckerman firm over $400,000 in legal fees. And they're suing for another $70,000 on a case that those lawyers lost, I think 11 counts. Mr. Finley and other debt collectors who perhaps are less scrupulous than Mr. Finley could create a cottage industry, collecting unpaid criminal legal fees from innocent spouses, most of whom didn't have the $7,000 to pay Mrs. Snyder's lawyer to defend her in the common pleas court. I mean, the whole cottage industry of these debt collectors going after debts that are not owed, I mean, it's legendary and it led to the enactment of this federal law, right? That's right. And that's exactly the kind of practice that Congress wanted to knock down and penalize. That's correct, Your Honor. And remember, most of these individual spouses of incarcerated, convicted felons, I mean, look, just because a lawyer didn't charge a big enough retainer when he took on a criminal defense and then decides, well, we'll go after a spouse who's already burdened with all the responsibilities of family. What if the complaint had been conditional? If it pled that if there was a count against her that invoked the necessities statute and stated that as to her, she would be responsible if Mr. Snyder was unable to pay it? Your Honor, that certainly would have been better. I mean, you and I clearly disagree about whether this is an objectively unreasonable position that they took to begin with. But yes, in light of that, it would because it's a springing obligation. But that's not what the complaint said. And the complaint also made a claim for unjust enrichment against Mrs. Snyder. Defendance. It's clearly false and deceptive. And there was no basis in law unless and until there was a determination that Mr. Snyder owed the debt. And as we stand here today, that's never happened. On unjust enrichment, I mean, there's all sorts of claims are made in a complaint. And some of them turn out to be true and some don't. But why would that just be completely baseless? How was Mrs. Snyder unjustly enriched by legal services that weren't provided to her for which she never agreed to pay? There was no connection between the plaintiff in the state and the debt collector under the FDCPA's response. He's the filter. He's what Congress intended to stop that kind of claim from being made. And these laws were designed to prevent that from happening in these circumstances. Well, the debt collector is forcing Mrs. Snyder to incur substantial attorney fees for defending a conditional lawsuit or before there's even a judgment against her husband for a debt that she did not obligate herself to pay. And it's the attorney fees here that are significant. And the debt collectors know that. I'm always happy in an FDCPA case not to be arguing about actual damages and whether there exists actual, you know, we're getting into all that Supreme Court case law. Here, this had to defend herself for a claim for a substantial amount of money for a woman who was not employed, by the way, at the time. And yes, in fact, this did have dire consequences for her. But more importantly, it would have dire consequences for other Ohio spouses who are faced with legal fees. And these legal fees rely, in large part, on old cases from other jurisdictions interpreting other statutes than Ohio statutes. The only interpretations of Ohio statutes have a very limited application and perhaps a totally outdated application of the necessity statute to criminal legal fees. Only in the context of fees incurred with spouses against the other spouse. Very limited exception. How other courts interpreted other state statutes is really irrelevant to this case. And I urge you to look at the dates of those cases because they really aren't in concert with modern jurisprudence and modern concepts of relationships between spouses. Particularly as it relates to the old ideas of coverture and a man's responsibility to, husband's responsibility to pay bills for a wife. That's not law in Ohio anymore or anywhere. And these cases really are antiquated as it relates to that. If there are no other questions, I see I'm out of time. Boyd Gentry Good morning. Pleased to be here. I'm Boyd Gentry on behalf of the Appley Finley and Company. Let me say it's an honor and a privilege to be in this courtroom. Appellant's arguments here ring hollow. Appellant makes the plea that a ruling affirming that the judgment of the district court would have dire consequences for spousal liability in the state of Ohio. That's simply not true. The district court did not make a holding that Mrs. Snyder, the appellant, was liable. That issue of her liability is currently being litigated in the Cuyahoga County Court of Common Pleas. The state court is the place to deal with that and the state court is dealing with that issue. That pending case is in the middle of discovery as we speak. That case may turn out one way or another on that issue of... Jody Freeman I'm a little confused. I thought the case against her was dismissed in the state trial court. Boyd Gentry Yes, the Rule 12b6 motion was granted and it is subject to review and appeal. There was an immediate appeal, but the appeal was held to be... Jody Freeman I understand. They said they didn't have jurisdiction, but you said that the claim against her is being litigated. Boyd Gentry Correct. Zuckerman has sought leave to amend its complaint in the state court, including the claim against Mrs. Snyder. It is conducting discovery to keep the amendment possible and feasible. Boyd Gentry Now it's dismissed? Boyd Gentry Correct. Now it is dismissed at the moment, but not reviewable. On appeal, on the merits, the factual record may be developed. It may be presented to the Court of Appeals on an amended complaint. The Court of Appeals then may weigh in, in fact, on spousal liability. That decision from the Court of Appeals may have consequences for the issue of spousal liability in Ohio, at least in the 8th District. Once the 8th District weighs in, either side may choose to appeal to the Supreme Court of Ohio. That decision, if it considers the merits of spousal liability, would certainly have some impact on this issue. What we are urging is that this Court not make a ruling that impacts the issue of spousal liability. A ruling in favor of appellant here could look something like this was an objectively baseless claim. Such a ruling could have an impact on future proceedings, a future appeal of that order in favor of the Rule 12b-6 motion. I'm not sure what would happen in that instance. If this Court were to say it's objectively baseless, but the 8th District would say, no, it's not. Maybe they would agree, maybe they would disagree. I don't know because that record is not on appeal. It's not necessarily ripe for review. We are asking this Court to affirm because the allegation made at the time, based on the law that was knowable at the time the complaint was brought, had a basis in law. Although appellant may argue here that the law is antiquated, is outdated, should not continue to govern. If you say it had a basis in law, you are referring to those two cases? Those two cases and the cases they rely upon. Blum and Wolf cases and the cases they rely upon. Additionally, the statute itself, the statute itself, 3103.13, which is known colloquially as the necessary statute, that statute provides a basis. The case law, Blum and Wolf have interpreted a necessary statute, although I think those were prior versions of the statute. But, appellant here has not cited an opinion in Ohio that says attorney fees in any context are not awardable against a spouse. If the Supreme Court of Ohio had spoken and said that you cannot recover attorney fees for criminal defense against the spouse who did not make the contract for the fees, that may make this a different case from the beginning. What about the case law saying that it is conditional? The contingency recognized by the 8th District means that the claim may be brought, but liability cannot arise until there is a trial on the facts. Does David Snyder have liability? And what is his liability? And if his liability is determined, then her liability may be determined. Well, it's more than that. You also have to determine that he can't pay. Agreed. Agreed. You haven't done that, have you? Correct. Those You have not complied with clear Ohio law. Instead of going after the husband directly, getting a judgment, and seeing if he can pay, what you did was you filed right off the bat a complaint against both of them, seeking joint and several liability. That violates Ohio law right there, does it not? Your Honor, the Zuckerman claim that Finley is prosecuting and pursuing likely had a one year statute of limitations. And that one year statute of limitations likely would apply to the spousal liability claim. I don't know. I mean, I don't know Ohio law that well, but it may have been told during the, but I mean, in Ohio law it's quite clear, is it not, that even if the spouse were somehow liable under the necessities law, you have to go against the responsible spouse first and get a judgment against him or her, and then try to collect, and then only in that event is there potential liability. I mean, that's what the law is, isn't it? Yes. Okay. And you didn't file that, right? Correct. There was one lawsuit filed. Okay. All right. So why isn't this totally baseless under Ohio law? Because the liability under the necessary statute does not require separate lawsuits. And so the Ohio law does not say that the spouse cannot be added to the same lawsuit. But that would be, in my mind, that would be fine. And you have a statute problem and all the rest. But then your complaint should say that. It should say that in the event he cannot pay, that liability is determined and he cannot pay, then she's responsible. And then the ordinary consumer reading that complaint understands that her liability is contingent. But you didn't do that. And you could very easily see how someone in her position would just say, I can't deal with this, and just find the money to pay for it. Which is what debt collectors want to do all the time. Your Honor, if I could point out the difference here, that the idea that certain language in the complaint would be more beneficial to the defendant is an issue that was addressed by this Court in the White case, which was cited in our brief, where this Court found that labeling a spouse as a guarantor, as opposed to someone who may be liable under a state necessary statute, that case was dealing with the Kentucky necessary statute. This Court said that that difference of distinction of how you're alleging a liability, is it someone who's a contractual guarantor or merely liable under a spousal liability statute scheme, this Court said that that is distinction without meaningful difference, and that it is elevating the terms of the state court's legal contention above the factual contention. But that's different because the message is, you're liable for your spouse's liability. You're husband's debt, and it may not matter what legal theory is being used, whether she is a guarantor or under the necessities clause. Here, there's a contingency that is totally ignored, and it does matter, because her obligation is not, it needs to be addressed. Not just, you're liable, okay, it's not determined, you have to litigate. There are predicate facts that make it contingent, and they're ignored. And she could very easily have thought that she needs to pay. Your Honor, and this brings up the context of this communication. The context of the petition for relief to the state court. The petition for relief to the state court is to articulate a basis for its claim to the state court. This conduct of petitioning the state court is an important distinction to say that the wording that it chooses, the state court is clearly not going to be fooled or abused or misled about Ohio law. The state court is where the petition is made, and the state court can and will handle it as it sees fit. The idea that this was drafted to somehow take advantage of an unwary consumer, there's certainly nothing in the record to suggest that, that there was something intent behind this to usurp any protections or to fool anyone. In fact, what we have here, what the record shows is we have a lawyer bringing a claim on behalf of a creditor. If that lawyer were, if it was that lawyer's first case representing a creditor, that lawyer would likely not be regulated by the Fair Debt Collection Practices Act. So to hold that the standard that might apply to Finley, which might apply to Finley and might be a debt collector, is a different standard than might be available to someone else who doesn't handle enough cases to be considered a debt collector, would be odd for sure. I think that's why this court adopted the objectively basis standard in Van Hoven versus Buckles to say that it's the same standard that the state court will apply. Here the state court remedies are available to the consumer, are available to Mrs. Snyder. She has Rule 11, she has a vexatious statute, she has the court's inherent authority to decide and to shift fees. And so those remedies are available to her in that action. This action should not usurp the state court proceedings, which are... The Fair Debt Collection Practices Act supplements state remedies, does it not? It doesn't take it away. Agreed. Agreed. And I use the word usurp in the context that because the state court case is not final, it's not a final judgment. She might recover remedies in both state and federal court. I don't know. It depends on the law. Agreed. And in light of that, Zuckerman may recover. Zuckerman might recover in the state court. If Zuckerman were to recover in the state court, and this court has already held it was an objectively basis claim, we would have an interesting set of circumstances for lawyers who might bring this kind of claim in the future. If there are no further questions, I think I've made the point. I noticed that the case originally did go to mediation, to our mediation office, but very briefly, because we're talking about attorney fees and the amount of attorney fees perhaps, would there be any advantage to refer it back again to mediation, or would that be totally futile? Your Honor, I'm not sure how to comment on mediation. I don't want to reveal anything that was certainly discussed in our mediation before. I value the mediation office and their efforts. I do. I'll say that. And so I always welcome their involvement in a case. Are you saying you would welcome it now? Sure. I always welcome their issues, their involvement, their suggestions. Very good. Thank you. Thank you, Your Honor. About the plaintiff, any advantage of perhaps referring this back to mediation? Your Honor, in Mr. Gentry's defense, his client is a lawyer representing a client. Some of the relief that we're seeking would impact the rights of Mr. Finley's client, who is not a party to this case, which I believe will make mediation difficult and negotiations difficult before and will make mediation and negotiations difficult. All right. So you don't think there'd be any advantage? No, Your Honor. That's all I want to know. I have a few points I just want to catch up on. One is, Mr. Gentry referred to a one-year statute of limitations. The only one-year statute of limitations I'm aware of in Ohio relates to intentional torts. And this clearly, I don't think he's arguing that Zuckerman had an intentional tort claim against Mrs. Finley, I'm sorry, Mrs. Snyder in this case. So there is no statute of limitations issues. We have a relatively lengthy contract statute of limitations and it certainly was well within that time. One. Two, courts at the federal level, courts at the state level, have the same consistent rule and Ohio Supreme Court has said this over and over again. Courts are not here to issue advisory opinions. At the time Mr. Finley brought the complaint by Zuckerman against Mrs. Snyder, there was no basis in law for a claim against Mrs. Snyder. It only would arise in theory if and when Mr. Snyder was found to be liable and two, that he was uncollectible. Those two events didn't exist. And the third point that I think is really important to just elaborate on is in my rebuttal is that the FDCPA has a strict liability standard for a reason. It's not necessarily for the woman who can afford to pay a lawyer $7,000 to raise all these arguments, but it does not look to the intent of the lawyer at the time that the debt collector files the lawsuit and to suggest somehow that because this particular debt collector put his claims in a complaint instead of in a letter to Mrs. Snyder, is there somehow a distinction that doesn't make any sense at all. It's consistent with every FDCPA case that's ever been decided. This is a strict liability statute and this decision, if not reversed, I think opens the door to many abusive practices by debt collectors on behalf of the FDCPA. What about the argument that there would be a real inconsistency for us to say that it was totally baseless, objectively baseless, and then the state courts find liability? What this court could easily find, rather than finding that the legal theory was objectively baseless, is to find that there was not a claim against Mrs. Snyder at the time. It is a deceptive practice in representation to say my client has a claim against you when they don't have a claim against you. That doesn't go to the law or a higher law or anything else. But there was no claim at the time the lawsuit was filed against Mrs. Snyder. You're suggesting that we go the route of the claim had not occurred. I'm giving up on the objectively baseless if I have to. But I still think that there's a strong argument there as well. The remedy you request from us is just a reversal and a remand for further proceedings? Or what exactly is it? No, Your Honor. There were competing motions for summary judgment. I would ask that the court revert to that and remand to enter judgment on behalf of Mrs. Snyder. To enter judgment in your favor and then for determination as to the amount? That's correct, for a damage determination. You want judgment in your favor, okay. We actually did provide evidence of damages in the summary judgment. That would be a district court? That's up to Judge Nugent, Your Honor. That's correct. Thank you very much. Thank you. And the case is submitted. There being no further cases for argument, court may be adjourned. This honorable court stands adjourned.